**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 29 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

PROFESSIONAL INDEPENDENT
TRUCKERS ASSOCIATION, by and
through its President, Jerry Don
Cartwright,

Plaintiff-Appellant,

v.

OKLAHOMA CORPORATION
COMMISSION, sued as:  State of
Oklahoma ex rel., Jerry V. Matheson,
Director of Transportation Oklahoma
Corporation Commission,

Defendant-Appellee.

No.  00-5080
(D.C. No. 97-CV-575-E)
(N.D. Okla.)

---

ORDER AND JUDGMENT   *

---

Before **HENRY** , **BRISCOE** , and  **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

*       This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Professional Independent Truckers Association (PITA) appeals the district court's order rejecting its challenge to Okla. Stat. tit. 47, § 14-109, which establishes the maximum weight limitations for vehicles authorized to use Oklahoma highways. [1]  It argues that section 14-109 conflicts with 23 U.S.C. § 127, the federal statute that regulates the size and weight of vehicles on federal interstate highways for the state to be eligible for federal highway funds.  PITA asserts that the conflict between the state and federal statutes results in violations of the United States Constitution, and they seek redress under 42 U.S.C. § 1983.  The district court granted defendants' motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).  Our jurisdiction arises from 28 U.S.C. § 1291, and we affirm.

PITA complains that section 14-109 permits exceptions to the weight limits for truck-tractor and dump semitrailer combination units that are not available to the bobtail dump trucks operated by PITA's members.  Consequently, PITA claims (1) the Supremacy Clause is violated because the state statute conflicts

---

[1]     We call the parties' attention to 10th Cir. R. 28.2(A) & (B), which requires the appellant to append to its brief a copy of the district court's pertinent rulings. If the appellant fails to do so, the appellee must append the necessary rulings to its brief.

with the federal statute by allowing for heavier vehicles than those authorized by federal law, (2) the Commerce Clause is violated because the combination dump trucks that are exempt from the weight limits imposed on PITA's bobtail dump trucks permit the exempted vehicles to receive a higher profit margin, and (3) the Equal Protection Clause is violated because the exempted combination dump trucks are treated more favorably than PITA's bobtail dump trucks.

We review de novo an order dismissing a complaint for failure to state a claim for relief under Rule 12(b)(6), using the same standard applied by the district court. See Ordinance 59 Ass'n v. U. S. Dep't of Interior Sec'y, 163 F.3d 1150, 1152 (10th Cir. 1998). "We accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party." Maher v. Durango Metals, Inc., 144 F.3d 1302, 1304 (10th Cir. 1998). Dismissal of a complaint pursuant to Rule 12(b)(6) will be upheld only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

We have carefully reviewed the record on appeal, as well as the briefs submitted by the parties and the applicable law. Applying the standards set out above, we affirm the judgment for substantially the reasons stated in the district court's March 30, 2000 order, entered on the docket March 31, 2000.

AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge